FILED

08 MAY -1 PM 4:44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

LEONARDO DORADO-NUNEZ,

                    Petitioner,

vs.

MICHAEL MUKASEY, Attorney
General of the United States, et. al.,

                    Respondents.

CASE NO. 98-CV-0246 W (AJB)

**ORDER REINSTATING CASE
AND ESTABLISHING
BRIEFING SCHEDULE (Doc.
No. 8)**

## I.   BACKGROUND

The following ledger of events is taken from Petitioner Leonardo Dorado-Nunez's ("Petitioner") brief, and is not contested by Respondent Michael Mukasey, Attorney General of the United States, et. al. ("Respondent").

On February 9, 1998 Petitioner filed a single document, a Complaint for Declaratory Relief and Petition for Writ of Habeas Corpus with a Request for Stay of Deportation. (Doc. No. 1.) On February 14, 1998 the United States Department of Justice, Immigration and Naturalization Service granted Petitioner's request for a stay of deportation pending a final decision on the pending petition.

On or about May 19, 1998 Petitioner filed a Notice of Withdrawal of Petition for Writ of Habeas Corpus. (Doc. No. 7.) The notice of withdrawal was based upon Respondents' written agreement to administratively stay Petitioner's deportation until

- 1 -

1   such time as a final order had been rendered on Petitioner's then also-pending
2   complaint for declaratory relief.

3       On June 10, 1998 Judge Judith N. Keep, the original Judge assigned to this case,
4   granted Petitioner's request to withdraw his habeas corpus petition. (Doc. No. 7.)  It
5   appears that Petitioner's entire case, including his claim for declaratory relief, was
6   closed at that time.  Petitioner claims he was never told his entire case was closed.
7   (*Pet.'s Mot.* 3.)

8       On January 16, 2008 Petitioner was detained at his home by Immigration
9   Customs Enforcement ("ICE") agents and taken to downtown San Diego. (*Pet.'s Mot.*
10  3.) Petitioner alleges that confusion followed; apparently, deportation officers had both
11  a stay of deportation order and also a valid deportation order.  (*Id.*)  Regardless,
12  Petitioner was deported to Mexico within a few hours.  (*Id.*)

13      On March 13, 2008 Petitioner filed this *ex parte* motion to reopen his case and
14  reinstate his declaratory relief claim. (Doc. No. 8.)  On April 10, 2008 the Clerk of
15  Court assigned this case from Judge Keep to this Court. (Doc. No. 9.)  The same day,
16  Respondent filed a response opposing Petitioner's request for reinstatement. (Doc. No.
17  10.)  The Court takes the matter under submission and without oral argument. <u>See</u>
18  S.D. Cal. Civ. R. 7.1(d)(1).

19

20  II.   LEGAL STANDARD AND DISCUSSION

21      Both parties agree that this case was mistakenly closed due to a clerical error.
22  (*Pet.'s Mot.* 3; *Resp't's Resp.* 1.)  Specifically, Petitioner argues that on May 19, 1998
23  when he filed his notice of withdrawal, he was withdrawing his habeas petition only.
24  (*Pet.'s Mot.* 3–4.)  Although Judge Keep's order stated that "[Petitioner's] complaint for
25  declaratory relief [was] still pending," the Clerk of Court dismissed his entire
26  complaint—including his declaratory relief claim—and closed his case. (*Id.* 5.)
27  Petitioner simply wants his case reopened and his declaratory relief claim reinstated.
28  (*Id.*)  Respondent, on the other hand, argues that the case should remain closed for

1   failure to prosecute.  (*Resp't's Resp.* 1–2.)

2        Federal Rule of Civil Procedure 60 allows a party to petition a court for relief

3   from a judgment or order that contained clerical mistakes or oversights.  A judge may

4   invoke Rule 60[1] in order to make a judgment reflect the actual intentions of the court.

5   <u>Blanton v. Anzalone</u>, 813 F.2d 1574, 1577 (9th Cir. 1987).  For instance, a district

6   court can use Rule 60 to amend an order dismissing a case against a plaintiff if the court

7   never intended to do so.  <u>Harman v. Harper</u>, 7 F.3d 1455, 1457 (9th Cir. 1993).  There

8   is no time limit on Rule 60(a) relief.

9        Because this case was closed through the Court's own error, the Court orders this

10   case reopened and Petitioner's declaratory relief claim reinstated.  However, this Order

11   does not foreclose Respondent's ability to move later to dismiss the action for failure to

12   prosecute.

13        Petitioner claims that he "believed that his [declaratory relief claim] was

14   pending" because "the Department of Homeland Security allowed [him] to remain free

15   in the United States."  However, simply because DHS chose not to deport him does not

16   obviate Petitioner's duty to prosecute his declaratory relief claim to resolve his legal

17   status.  Similarly, the fact that Petitioner's case was erroneously closed in 1998 means

18   nothing if Petitioner has not even attempted to press his cause of action in the ten years

19   since.  Nevertheless, the Court **GRANTS** Petitioner's *ex parte* motion to re-open his

20   case. (Doc. No. 8.)

21

22   **IV.**   <u>CONCLUSION</u>

23        For the above reasons, the Court **GRANTS** Petitioner's motion and the Clerk

24   of the Court is instructed to re-open Petitioner's case.  However, as the legal landscape

25   in immigration cases has greatly changed since 1998, the Court orders the following:

26        1.   Petitioner shall file an updated or amended complaint for **declaratory**

27

28       [1]Unless otherwise stated, all references to "Rule" will be to the Federal Rules of Civil Procedure.

1    <u>relief only</u> within <u>thirty (30) days</u> of the date of this Order.

2    2.    The updated or amended complaint shall be the operative pleading in this

3          case, subject to all applicable rules, motions and defenses under federal law

4          and the Federal Rules of Civil Procedure.

5

6    **IT IS SO ORDERED.**

7

8    Dated: April 30, 2008

9                                         Hon. THOMAS J. WHELAN
                                          United States District Court
10                                        Southern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

98cv0246W